No. 03-3654

INFORMATION COPY
MANDATE NOT YET ISSUED
DIS. CT. # 01-725

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

OCT 23 2003

**LEONARD GREEN, Clerk**

C-1-01- 725

| | |
|---|---|
| CLYDELL MACK, | ) |
| | ) |
| Plaintiff-Appellant, | ) |
| | ) |
| v. | ) |
| | ) |
| REGINALD WILKINSON, et al., | ) |
| | ) |
| Defendants-Appellees. | ) |
| | ) |

O R D E R

NOT RECOMMENDED FOR FULL-TEXT
PUBLICATION
Sixth Circuit Rule 28(g) limits citation to specific situations
Please see Rule 28(g) before citing in a proceeding in a court
in the Sixth Circuit. If cited, a copy must be served on other
parties and the Court.
This notice is to be prominently displayed if this decision
is reproduced.

03 OCT 27 AM 9:

FILED
KENNETH J. MURPHY
CLERK

Before:  MARTIN and SUTTON, Circuit Judges; MILLS, District Judge.[*]

Clydell Mack, an Ohio prisoner proceeding pro se, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).

On October 18, 2001, Mack filed a complaint against Reginald Wilkinson, Director of the Ohio Department of Rehabilitation and Correction ("ODRC"); Mona Parks, Health Care Administrator at the Southern Ohio Correctional Facility ("SOCF"), where Mack is incarcerated; Matthew Thomas, an SOCF Correctional Sergeant; Dr. Bruce Martin, Medical Director of the ODRC; and Alan Chapman, Unit Manager Administrator at the SOCF. Relying upon the Eighth Amendment, Mack alleged that on August 18, 2001, his case manager told him to pack his personal property for transfer to a Protective Control Investigation/Security Control Investigation ("PCI/SCI") cell pending consideration of his request for such protective custody placement. Mack alleged that when Thomas arrived to escort him to his PCI/SCI cell, he informed Thomas that he had

---

[*]The Honorable Richard Mills, United States District Judge for the Central District of Illinois, sitting by designation.

"self carry medication," which consisted of Naprosyn, prescribed for back pain, Zantac, prescribed for anxiety, iron pills, sinus pills, and skin cream. According to Mack, Thomas refused to let him take his self carry medication with him to his PCI/SCI cell. As a result of Thomas's action, Mack alleged that he was without his medication for the ten-day period that he was in protective custody, which caused him "a great deal of pain," both physically and mentally. Mack sought injunctive and monetary relief. Mack also alleged several claims against the remaining defendants and additional claims against Thomas, which are not pertinent to this appeal.

In an order filed on January 17, 2002, the district court dismissed Mack's claims against Wilkinson, Parks, Martin, and Chapman and all claims against Thomas with the exception of Mack's Eighth Amendment deliberate indifference to medical needs claim. Thereafter, Thomas filed a motion for summary judgment, to which Mack responded. A magistrate judge filed a report in which he recommended granting Thomas's motion. Over Mack's objections, the district court adopted the magistrate judge's report and recommendation, granted Thomas's motion for summary judgment, and dismissed the case. Mack has filed a timely appeal.

Initially, we note that Mack has waived appellate review of his claims against Wilkinson, Parks, Martin, and Chapman and all of his claims against Thomas with the exception of his Eighth Amendment deliberate indifference to medical needs claim because he does not challenge the district court's dismissal of such claims on appeal. *See Robinson v. Jones*, 142 F.3d 905, 906 (6th Cir. 1998); *Buziashvili v. Inman*, 106 F.3d 709, 719 (6th Cir. 1997).

We review de novo the district court's grant of summary judgment. *Kincaid v. Gibson*, 236 F.3d 342, 346 (6th Cir. 2001). Summary judgment is appropriate when the evidence presented shows "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

The Eighth Amendment prohibits any punishment which violates civilized standards of decency or "involve[s] the unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 102-03 (1976) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)). In order to establish a deliberate indifference to medical needs claim in violation of the Eighth Amendment, a prisoner

No. 03-3654
- 3 -

must demonstrate that the defendant acted, or failed to act, with "deliberate indifference to serious medical needs." *Farmer v. Brennan*, 511 U.S. 825, 835 (1994) (quoting *Estelle*, 429 U.S. at 104). Deliberate indifference is the reckless disregard of a substantial risk of serious harm; mere negligence will not suffice. *Id.* at 835-36.

Upon review, we conclude that the district court properly granted summary judgment in favor of Thomas, as Mack failed to allege facts that, if proven, would rise to the level of the serious deprivation and deliberate indifference required to support an Eighth Amendment claim. Mack alleged that he was in "a great deal of pain" because he did not receive his self carry medication while he was in protective custody for ten days. However, Mack's Eighth Amendment claim based upon the ten-day delay in the receipt of his medication fails, as he did not allege, much less provide verifying medical evidence to establish, the detrimental effect of any such delay. *See Napier v. Madison County, Ky.*, 238 F.3d 739, 742 (6th Cir. 2001).

Furthermore, assuming that Mack's medical condition was sufficiently serious, Mack failed to demonstrate that Thomas was deliberately indifferent to his medical needs. *See Farmer*, 511 U.S. at 835. The undisputed evidence indicates that institutional policy prohibits inmates who are placed in PCI/SCI from possessing self carry medication and Mack failed to show that Thomas acted pursuant to an unconstitutional purpose, as opposed to such institutional policy, when he refused to permit Mack to take his medication to his PCI/SCI cell.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.

ENTERED BY ORDER OF THE COURT

Clerk